UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FAVOR, | Case No.: 1:13-cv-00207 GSA HC |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| K. FALCONER, | |
| Respondant. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Petitioner filed the instant federal petition for writ of habeas corpus in this Court on February 8, 2013. Petitioner challenges a prison disciplinary hearing held on May 21, 2012, wherein he was found guilty of battery on an inmate.

**DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254

1

1  Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court will order
2  Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.
3  <u>B.  Exhaustion of State Remedies</u>

4      A petitioner who is in state custody proceeding with a petition for writ of habeas corpus must
5  exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity
6  to the state court and gives the state court the initial opportunity to correct the state's alleged
7  constitutional deprivations.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455
8  U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

9      A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
10  full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v.
11  Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88
12  F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full
13  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the
14  claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504
15  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

16      Additionally, the petitioner must have specifically told the state court that he was raising a
17  federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th
18  Cir.2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999);
19  <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).  In <u>Duncan</u>, the United States Supreme Court
20  reiterated the rule as follows:

21  > In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
22  > of state remedies requires that petitioners "fairly presen[t]" federal claims to the
23  > state courts in order to give the State the "'opportunity to pass upon and correct
24  > alleged violations of the prisoners' federal rights" (some internal quotation marks
25  > omitted). If state courts are to be given the opportunity to correct alleged violations
26  > of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
27  > are asserting claims under the United States Constitution. If a habeas petitioner
28  > wishes to claim that an evidentiary ruling at a state court trial denied him the due
> process of law guaranteed by the Fourteenth Amendment, he must say so, not only
> in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus
> exhausted) his federal claims in state court unless he specifically indicated to

> that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> > In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not sought review for his claims in the California Supreme Court.  If Petitioner has not presented all of his claims to the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented his claims to the California Supreme Court and simply neglected to inform this Court.  Thus, Petitioner must inform the Court if his claims have been presented, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling.

C.  Lack of Subject Matter Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

As previously stated, Petitioner challenges a prison disciplinary hearing held in 2012 in which he was found guilty of battery on an inmate.  As a result, Petitioner states, he was given a two-month placement in the secured housing unit, a term which was later suspended.  (Petition at 5.)  It does not appear that Petitioner suffered a loss of any time credits.  Insofar as it appears from the petition that

any relief this Court could grant with respect to the hearing would not affect the duration of Petitioner's sentence, the Court lacks jurisdiction to entertain any claim concerning that hearing. Therefore, Petitioner will be ordered to show cause why the petition should not be dismissed for lack of jurisdiction.

**ORDER**

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the petition should not be dismissed for Petitioner's failure to exhaust state remedies and for lack of subject matter jurisdiction. Petitioner is ORDERED to inform the Court within thirty (30) days of the date of service of this order whether he has sought relief in the California Supreme Court, and he is ORDERED to notify the Court if he has suffered the loss of any time credits.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Fed. R. Civil Proc. § 41(b) (A petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action, and the dismissal operates as an adjudication on the merits).

IT IS SO ORDERED.

Dated:   **May 7, 2013**                              **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE

4